[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner entered pleas to two counts of Robbery 2nd degree, a violation of Connecticut General statutes53a-135(a)(2) and one count of Unlawful Restraint First Degree, a violation of Connecticut General statutes 53a-95. A sentence of eight and one-half years to serve was imposed upon the two robbery counts, and five years to serve was imposed on the unlawful restraint count. All sentences were to run CT Page 11319 concurrently for a total effective sentence of eight and one-half years to serve.
In June of 1990, the petitioner stopped a truck that was driven by a female in the town of Waterbury. Once stopped, he jumped into the truck with a towel wrapped around his hand covering what the victim believed to be a gun. He then forced the victim to drive to a location in town. When the victim attempted to get out of the vehicle the petitioner pulled a large knife from under the towel and put it to her stomach. The victim then ran out of the truck, subsequently the petitioner drove the truck towards the victim. When stopped, the petitioner went through the victim's purse and took what little money was in the purse.
At the hearing, counsel for the petitioner noted that the sentencing agreement was a cap of 10 years with a right to argue for less. Although the sentence was within the agreed cap, counsel asked this division to suspend a portion of the sentence and put the petitioner on probation. To support his position she argued that the petitioner did not have a bad track record of previous criminal offenses. She emphasized that he had a supportive family, a five year old son and that he had his high school equivalency diploma.
Petitioner, when he spoke to the panel, noted that he was enrolled in narcotic anonymous and alcoholics anonymous. He emphasized that he did not have the worse record at Somers and that he would do the time for his crime that was fair.
Counsel for the state pointed out the psychological harm to the victim, and the fact that the petitioner tried to run her over. He disputed petitioner's criminal record noting he had serious prior convictions including a prior larceny conviction.
In reviewing the sentencing remarks of the trial judge, we find a careful, thorough analysis of the facts, consideration that the petitioner has a record, and the weighing of the seriousness of the crime. Our conclusion is that the court sentence was appropriate when analyzed under the standard set forth in Practice Book 942.
The sentence is affirmed.
Norko, J., Purtill, J., and Stanley, J., participated in CT Page 11320 this decision.